UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DONNIE LEE HICKS, | ) | |
|---|---|---|
| | ) | Case No. 1:18-cv-309 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| MCMINN COUNTY JUSTICE CENTER, JOE GUY, BENNY RITCHARDSON, K. STANSBERRY, and DR. TRENNUM, | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

Plaintiff filed a *pro se* complaint alleging violation of 42 U.S.C. § 1983 while housed at the McMinn County Justice Center in Athens, Tennessee (Doc. 2). This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

I. **SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff claims that he was shot in the leg on October 19, 2018, and that he was placed in the McMinn County Justice Center on October 20, 2018. (Doc. 2, at 3.) He seeks "monetary damages for pain and suffering," and asks the Court to order that McMinn County Justice Center staff "be retrained in [the] medical field." (*Id*. at 4.)

## III. ANALYSIS

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). To meet this standard, a plaintiff must establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner;" (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

This exacting standard is not met with negligence or medical malpractice. *Farmer*, 511 U.S. at 835; *Estelle*, 429 U.S. at 107. Additionally, when treatment has been provided, an inmate's disagreement with that treatment will not raise a constitutional issue. *See Estelle*, 429 U.S. at 107 (holding "forms of treatment" are "a classic example of a matter for medical judgment" that "does not represent cruel and unusual punishment"); *see also Alspaugh v.*

2

*McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (holding disagreement with treatment fails to raise Eighth Amendment claim).

Plaintiff's complaint implies an inadequacy in medical treatment at the McMinn County Justice Center, but it does not contain any factual allegations against any named Defendant. Plaintiff does not allege that he has been denied medical treatment, but rather, appears to be dissatisfied with the treatment provided. Because a plaintiff's disagreement with a particular course of medical treatment does not raise a constitutional issue, Plaintiff fails to state an Eighth Amendment claim for the denial of medical care.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Additionally, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**